UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VISTEON CORP.,  )  <br> VISTEON SYSTEMS, LLC and  )  <br> LOUIS HEEB,  )  <br>     Plaintiffs,  )  <br>  )  <br> vs.  )  <br>  )  <br> NATIONAL UNION FIRE INSURANCE  )  <br> COMPANY OF PITTSBURGH, PA, and  )  <br> UNITED STATES FIDELITY & GUARANTY  )  <br> CO.,  )  <br>     Defendants.  ) | 1:11-cv-200-RLY-TAB |

**DISCOVERY ORDER**

The parties have moved for partial summary judgment on the choice of law issue. [Docket Nos. 88, 92.] Defendant National Union Fire Insurance Company contends that Michigan law should govern this insurance dispute, while Plaintiffs Visteon Corporation and Visteon Systems contend that Indiana law governs. Despite moving for summary judgment, Plaintiffs seek additional discovery purportedly related to the choice of law issue. For the reasons below, National Union's motion to quash and for protective order [Docket No. 125] is granted and Plaintiffs' motion to compel [Docket No. 128] is denied.

After moving for summary judgment in September 2012, Plaintiffs filed a Rule 56(d) motion in October 2012, requesting additional discovery for the purpose of responding to National Union's motion for summary judgment and to support their cross motion for summary judgment. [Docket No. 115.] On December 19, 2012, the Court denied Plaintiffs' Rule 56(d) motion to conduct a Rule 30(b)(6) deposition because the request was untimely, the information

1

sought was not relevant to the choice of law issue, and it was inconsistent for Plaintiffs to claim they needed additional discovery to adequately brief the choice of law issue after they moved for summary judgment. [Docket No. 132.] These same issues were raised in National Union's motion to quash and for protective order against Plaintiffs' Rule 30(b)(6) deposition notice. Accordingly, National Union's motion to quash and for protective order is granted.

Turning to Plaintiffs' motion to compel, it seeks production of documents on National Union's privilege log and certain unredacted documents related to reinsurance and premium calculation information. [Docket No. 128.] National Union objects to Plaintiffs' motion on several grounds. However, it is only necessary for the Court to discuss the relevancy objection to show that this motion is improper. The focus of the choice of law inquiry should be the principal location of Plaintiffs' insured risk at the time National Union issued the policy in question. *Ill. Nat'l Ins. Co. v. Temian*, 779 F. Supp. 2d 921, 924 (N.D. Ind. 2011) ("If the principal location of the insured risk can be determined, it is given more weight than other factors."). The principal location is determined by identifying the state that has more insured sites than any other. *Nat'l Union Fire Ins. Co. of Pitt. v. Standard Fusee Corp.*, 940 N.E.2d 810, 815–16 (Ind. 2010).

For example, National Union argues that Michigan has more manufacturing facilities, technical centers, customer service centers, employees, and more total facilities than any other state. [Docket No. 146 at 6.] However, Plaintiffs assert that they are "entitled to discover whether or not Nat'l Union's reinsurers shared Nat'l Union's alleged understanding that the principal location of the insured risk was Michigan." [Docket No. 129 at 7.] But National Union and its reinsurers' understanding of risk is irrelevant to whether one state has more sites

or facilities than another state.  National Union is correct that this inquiry is mechanical and rests on objective facts and not a subjective understanding of risk.  The same reasoning applies to Plaintiffs' argument that insurance premium calculations "may be prima facie evidence as to Nat'l Union's understanding of the risk it underwrote in Visteon's policies." [*Id.* at 9.]  It is only relevant where the insurance premiums were paid, not the rationale for calculating the premiums.  *See Temian*, 779 F. Supp. 2d at 924–25.  Finally, as noted in the Court's December 19 order, it is simply inconsistent for Plaintiffs to claim they need additional discovery to adequately brief the choice of law issue after they moved for summary judgment.  For these reasons, National Union's motion to quash and for protective order [Docket No. 125] is granted and Plaintiffs' motion to compel [Docket No. 128] is denied.

      DATED:  02/12/2013

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

3

Copies to:

Dean R. Brackenridge
FROST BROWN TODD LLC
dbrackenridge@fbtlaw.com

Nicholas D. Butovich
LITCHFIELD CAVO LLP
butovich@litchfieldcavo.com

Carrie Gibson Doehrmann
FROST BROWN TODD LLC
cdoehrmann@fbtlaw.com

Allison Wells Gritton
SPALDING & HILMES, PC
awgritton@spaldinglaw.net

Timothy F. Jacobs
CLAUSEN MILLER, PC
tjacobs@clausen.com

George M. Plews
PLEWS SHADLEY RACHER & BRAUN
gplews@psrb.com

Peter M. Racher
PLEWS SHADLEY RACHER & BRAUN
pracher@psrb.com

Brian Michael Reid
LITCHFIELD CAVO LLP
reid@litchfieldcavo.com

Todd G. Relue
PLEWS SHADLEY RACHER & BRAUN
trelue@psrb.com

Karen B. Scheidler
PLEWS SHADLEY RACHER & BRAUN
kscheidler@psrb.com

Katherine K. Schuman
PLEWS SHADLEY RACHER & BRAUN LLP
kschuman@psrb.com

Rosemary Glass Spalding
SPALDING & HILMES PC
rgspalding@spaldinglaw.net

Mark W. Zimmerman
CLAUSEN MILLER PC
mzimmerman@clausen.com