UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| VISTEON CORPORATION,<br>VISTEON SYSTEMS, LLC,<br>LOUIS HEEB,<br><br>                Plaintiffs,<br><br>  vs.<br><br>NATIONAL UNION FIRE INS. CO. OF<br>PITTSBURGH, PA,<br>UNITED STATES FIDELITY &<br>GUARANTY CO.,<br><br>                Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)  1:11-cv-00200-RLY-TAB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ENTRY ON PLAINTIFFS' OBJECTIONS TO MAGISTRATE JUDGE'S DISCOVERY ORDER**

Visteon Corporation and Visteon Systems, LLC (collectively "Visteon") object to the Magistrate Judge's February 12, 2013 Discovery Order, in which he granted National Union Fire Insurance Company of Pittsburgh, PA's Motion to Quash and For Protective Order, and denied Visteon's Motion to Compel. (*See* Docket # 165). For the reasons set forth below, the court **OVERRULES** Visteon's objections.

This insurance dispute arises from soil and groundwater contamination at Visteon's Connersville, Indiana plant. During the relevant time period, 2000-2002, Visteon was insured by Defendants National Union Fire Insurance Company of Pittsburgh, PA. and United States Fidelity & Guaranty Co. (collectively "Insurers"). Both Insurers denied coverage under the pollution exclusion provisions contained within

1

the insurance policies. Visteon maintains that the pollution exclusion provisions are unenforceable under Indiana law. Insurers contend that Michigan law applies, and that the pollution exclusion provisions are, therefore, enforceable.

The parties agree that Indiana law applies to the choice-of-law issue pending before the court. *See Nat'l Union Fire Ins. Co. v. Standard Fusee Corp.*, 940 N.E.2d 810, 813 (Ind. 2010) (citing *Hubbard Mfg. v. Greeson*, 515 N.E.2d 1071, 1073 (Ind. 1987)) ("[T]he courts of the state in which the lawsuit is pending determine the applicable law."). Under Indiana's choice-of-law jurisprudence, when faced with an insurance dispute where an insured seeks coverage for environmental contamination at multiple sites in multiple states, the court applies the uniform-contract-interpretation approach, as opposed to a "site specific" approach. *Id.* at 813. The uniform-contract-interpretation approach consists of the utilization of a multi-factor test derived from the RESTATEMENT (SECOND) OF CONFLICT OF LAWS §§ 188 and 193. *See Nat'l Union Fire Ins. Co. v. Standard Fusee Corp.*, 940 N.E.2d 810, 814-17 (Ind. 2010); *American Employers Ins. Co. v. Coachmen Indus., Inc.*, 838 N.E.2d 1172, 1176-77 (Ind. Ct. App. 2005); *Employers Insurance of Wausau v. Recticel Foam Corp.*, 716 N.E.2d 1015, 1024-25 (Ind. Ct. App. 1999); *Travelers Indem. Co. v. Summit Corp.*, 715 N.E.2d 926, 931 (Ind. Ct. App. 1999), *Hartford Acc. & Indem. Co. v. Dana Corp.*, 690 N.E.2d 285, 291 (Ind. Ct. App. 1997). Under that test, the court first determines the principal location of the insured risk during the term of the policy at issue. *Fusee*, 940 N.E.2d at 814. This is defined as "the state with the largest number of insured sites" at the time the insurance contract is formed. *Summit Corp.*, 715 N.E.2d at 933 & n. 6. If the principal location of

the insured risk can be determined, it is given more weight than other factors.[1]  *Fusee*, 940 N.E.2d at 815-16.  With that background in mind, the court now turns to the Magistrate Judge's rulings.

After both parties moved for summary judgment on the choice of law issue, in October 2012, Visteon sent a Rule 30(b)(6) deposition notice to National Union and, soon thereafter, filed a Rule 56(d) motion, requesting National Union to produce representatives to testify on various topics relating to what National Union knew about the specific environmental risks at the Connersville, Indiana site, and National Union's knowledge of Indiana environmental insurance coverage law, for the purpose of responding to National Union's motion for summary judgment and to support its own motion for summary judgment.  Several weeks later, National Union filed a brief in opposition to Visteon's Rule 56(d) motion, and filed a Motion to Quash and for a Protective Order with respect to the Rule 30(b)(6) deposition notice.  (Docket ## 121, 125).  On December 12, 2012, the Magistrate Judge denied Visteon's Rule 56(d) motion for three reasons: (1) the request was untimely, (2) the information sought was not relevant to the choice of law issue, and (3) it was inconsistent for Visteon to claim they needed additional discovery to brief the choice of law issue after they had already moved for summary judgment.  (Docket # 132).  Consistent with that ruling, the Magistrate

---

[1] The court also considers: (1) the place of contracting; (2) the place of negotiation of the contract; (3) the place of performance; (4) the location of the subject matter of the contract; and (5) the domicile, residence, nationality, place of incorporation and place of business of the parties.  *Standard Fusee*, 940 N.E.2d at 814 (citing RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 188 ).

Judge granted National Union's Motion to Quash and For Protective Order.  (Docket # 165).

On December 20, 2012, Visteon also filed a Motion to Compel, seeking production of documents on National Union's privilege log and certain unredacted documents relating to National Union's reinsurance policies, its communications with its reinsurers, and its insurance rating calculations, because such evidence was relevant in determining the principle location of the insured risk  -- the most important factor in Indiana's choice of law analysis.  (Docket # 128).  The Magistrate denied that motion because the documents Visteon sought were not relevant to that issue under the Indiana Supreme Court's decision in *Standard Fusee.*  (Docket # 165).

Pursuant to Rule 72(a) of the Federal Rules of Civil Procedure, the district court may modify or set aside any part of a non-dispositive order that is clearly erroneous or contrary to law.  In light of Indiana case law on the choice-of-law issue, the court finds the rulings in Magistrate Judge's Discovery Order were not clearly erroneous or contrary to law.  The information Visteon sought through discovery was, as the Magistrate Judge observed, irrelevant to Indiana's choice-of-law analysis.  For this, and the other reasons advanced in the Magistrate Judge's Discovery Order, Visteon's Objections to the Magistrate Judge's Discovery Order (Docket # 168) are **OVERRULED**.

**SO ORDERED** this 17th day of June 2013.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.